### MEHAN v. B. W. CONST. CO. et al.
### No. 14069.

Court of Appeal of Louisiana. Orleans.

June 27, 1932.

Henry J. Wyman, of New Orleans, for appellant.

Milner & Porteous, Wm. A. Porteous, Jr., and Julian B. Humphrey, all of New Orleans, for appellees.

HIGGINS, J.

Plaintiff sues to recover compensation for permanent loss of vision in his right eye alleged to have been the direct result of a traumatic injury suffered on August 3, 1931.

Defendant admits that plaintiff was employed by it, the amount of his wages, and that he was accidentally injured in attempting to cut a wire with a pair of pliers, but denies that the traumatic injury was the direct or indirect result of the loss of vision in plaintiff's right eye.

There was judgment dismissing the suit, and plaintiff has appealed.

The issue presents primarily a medical question which must be determined by the medical testimony found in the record. The plaintiff offered the testimony of Dr. Jonas Rosenthal, who has specialized in treating the eyes since 1922 and who examined the plaintiff once. He made a written report in which he gave the result of his examination as showing two scars on the cornea, one of which was an old scar, and that plaintiff had a disability of 25 per cent. to 30 per cent. in his vision considering the fact that he was a steel structural worker. On cross-examination and on examination by the court the doctor testified that he could not say definitely whether the partial loss of vision of the eye was caused by trauma or disease. On being asked whether the traumatic injury caused the present disability of the eye, he stated that in his opinion the disability "probably" resulted from traumatic injury.

Dr. Z. T. Young, graduate of Tulane University since 1911 and also an oculist, testified that he treated the plaintiff on four separate occasions for injuries to his right eye, as follows: January 30, 1923, June 5, 1925, June 25, 1926, and finally on August 3, 1931, the date of the alleged injury. He described the previous injuries, scars, and disabilities from his records, and then positively testified that the present disability was the result of the previous injuries and scars and not the result of the accident in question. Dr. Young further testified that he had treated the plaintiff for the injury of August 3, 1931, six or eight times.

Dr. Charles A. Bahn, also a graduate of Tulane University, 1911, and who has been specializing in the treatment of eyes for fifteen years, saw plaintiff on three occasions, and after examining him and making similar tests to those made by Dr. Young, he was of the opinion that the disability complained of was the result of previous injuries to the eye and the scars resulting therefrom, and that the injury of August 3, 1931, in no way directly or indirectly caused the present partial loss of sight in plaintiff's right eye.

The trial judge found that the preponderance of evidence was in favor of the defendant tending to show that plaintiff's disability resulted from prior injuries, and we are of the opinion that his finding is correct.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.

WESTERFIELD, J., absent, takes no part.